IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENNIS EBORKA, | |
| Plaintiff, | 8:25CV253 |
| vs. | |
| JACI GUSTAFSON, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on Plaintiff Dennis Eborka's Complaint filed on April 7, 2025. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has also filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 2. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

## I. SUMMARY OF COMPLAINT

Plaintiff, a citizen of Michigan, sues Jaci Gustafson ("Defendant"), an employee of the University of Nebraska-Lincoln (the "University"), and alleges the following as his "Statement of Claim":

> The plaintiff, Dennis Eborka, a student of University of Nebraska-Lincoln On October 7th, 2024, defendant, Jaci Gustafson agreed to submit courses attempted by Plaintiff, Dennis Eborka to the committee in order for the committee to change Dennis Eborka, courses to pass or no pass grade on the following courses, chem 251, stat 218 and bioc 401. Defendant breach the agreement when she neither update pla[in]tiff about the changes of the mentioned

courses above or neither did the committee send a letter after October 11th 2024[.]

Filing No. 1 at 3 (punctuation as in original).

Plaintiff attached what appear to be three e-mail or text messages dated October 7 from Defendant to Plaintiff. Filing No. 1 at 7–9. In the messages, Defendant indicates Plaintiff "would only be eligible to change [his classes] to Pass/No Pass if [he] had experienced the extraordinary circumstances listed on the form" and he would have to "provide documentation of those extraordinary circumstances." Filing No. 1 at 7. Defendant also tells Plaintiff, "If you are claiming a medical issue is why you are asking for your request to be considered, please re-write your narrative to explain what happened," and that he would need to provide "a statement from a medical provider describing when they treated [Plaintiff] and how it affected [his] ability to carry on [his] studies." Filing No. 1 at 8. The third message thanks Plaintiff for his submission and Defendant states, "I will submit this to the committee and you will receive a letter after Oct. 11 letting you know whether your appeal was approved or not." Filing No. 1 at 9.

As relief, Plaintiff asks the Court to "order defendant to implement the courses mentioned above to change pass or no pass." Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or

2

grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

In evaluating Plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Original jurisdiction of the

federal district courts over civil actions is generally set forth in 28 U.S.C. §§ 1331 and 1332.

Subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, requires that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). While Plaintiff and Defendant are alleged to be citizens of different states, nothing in the Complaint's allegations suggests an amount in controversy in excess of the requisite $75,000.00 amount. Thus, the Court does not have diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff indicated in his Complaint that he is "suing for a violation of federal law under 28 U.S.C. § 1331." Filing No. 1 at 5. Subject-matter jurisdiction under 28 U.S.C. § 1331, commonly referred to as "federal question" jurisdiction, is proper when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States. *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Here, Plaintiff does not cite or allude to a federal legal basis for his claims. However, under the liberal construction afforded to pro se litigants' pleadings, Plaintiff's allegations could be read as suggesting a federal procedural due process claim. Even with this liberal construction, though, Plaintiff's allegations fail to state a plausible claim upon which relief may be granted.

"The Supreme Court mandates a two-step analysis for procedural due-process claims: 'We first ask whether there exists a liberty or property interest

of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient.'" *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (quoting *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). "Protected liberty interests may arise from the Due Process Clause itself or from an expectation or interest created by state law or policies." *Id.* (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). "Generally, 'due process requires that a hearing before an impartial decisionmaker be provided at a meaningful time, and in a meaningful manner.'" *Booker v. City of Saint Paul*, 762 F.3d 730, 734 (8th Cir. 2014) (quoting *Coleman v. Watt*, 40 F.3d 255, 260 (8th Cir. 1994)). A plaintiff is entitled to due process only when a protected property or liberty interest is at stake. *See Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999).

Here, the Court has found no legal authority to support the conclusion that Plaintiff has a property or liberty interest in having his past grades changed to a pass or no pass grade. The Eighth Circuit has recognized that "grading decisions require 'an expert evaluation of cumulative information and [are] not readily adapted to the procedural tools of judicial or administrative decisionmaking,'" making such decisions essentially "purely academic decisions." *Disesa v. St. Louis Cmty. Coll.*, 79 F.3d 92, 95 (8th Cir. 1996) (quoting *Board of Curators v. Horowitz*, 435 U.S. 78, 90 (1978)). In rejecting a state university student's due process claim regarding the university's failure to award the student an "A" instead of a "B" grade, the District Court for the Northern District of Georgia noted that "[n]either the Supreme Court[ nor] the Eleventh Circuit Court of Appeals . . . has held that university academic grading decisions implicate property or liberty interests, entitling a student to constitutional due-process protections." *Nicholl v. Olens*, No. 1:17-CV-4518-AT, 2018 WL 8849446, at *9 (N.D. Ga. May 8, 2018). Additionally, the court remarked:

5

> To the extent courts have addressed the issue at hand here, they have held that absent a denial of access to public education, no property or liberty interest is implicated by a university's exercise of its academic discretion. *Smith v. Davis*, 507 F. App'x. 359, 362 (5th Cir. 2013) (rejecting university student's claims that "he had a property interest in: the summer 2009 English course; the grade he received in it; and obtaining a four-year education [and] liberty interest in: his good name; his reputation; and continuing to play football for the University of New Mexico," and finding that he had not alleged a denial of access to an education or "placed in legitimate doubt the academic nature of University's actions"); *Hodge v. Coll. of S. Maryland*, 121 F. Supp. 3d 486, 500–01 (D. Md. 2015) ("Plaintiffs have not established that Mr. Hodge had a protected property or liberty interest in receiving a "C" in his math course."); *Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 337–38 (E.D.N.Y. 2014) ("Plaintiff has failed to allege that the process afforded to her by the CUNY officials was constitutionally inadequate. At its core, Plaintiff's appeal was an academic dispute: a student asking the university bureaucracy to change her grade."); *Woodruff v. Georgia State University*, 251 Ga. 232, 304 S.E.2d 697, 699 (Ga. 1983) (declining to address student's state law and constitutional challenges to university teacher's academic assessment of the student's work, holding that such suits do not present a justiciable controversy because otherwise educators would be exposed to "the cost and agony of litigation initiated by pupils and their parents who would rely upon the legal process rather than the learning process"); *see also Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26 (5th Cir. 1997) (no property or liberty interest implicated in transfer from one school program to another with stricter discipline because student never denied access to public education, even temporarily, such as through suspension or expulsion); *Jeffrey v. Bd. of Trustees of Bells ISD*, 261 F.Supp.2d 719, 726 (E.D. Tex. 2003) (no property interest in right to take high-school Spanish course at different time; "it is only when a student is excluded from the entire educational system that due process must be afforded"), *aff'd*, 96 F.App'x. 248 (5th Cir. 2004) (per curium).

*Id*.

Like the court in *Nicholl*, the Court finds Plaintiff's allegations here fail to establish he has a constitutionally protected property or liberty interest in

6

the University's purely academic decision regarding whether to permit Plaintiff to change a past letter grade to a pass/no-pass grade. As such, Plaintiff has failed to state a plausible procedural due process claim, and his Complaint is subject to dismissal for failure to state a claim for relief over which the Court has federal subject matter jurisdiction.

## IV. PLAINTIFF'S OTHER FILINGS

After filing his Complaint, Plaintiff filed four essentially identical copies of a form summons, which he docketed under various, incorrect filing events. Filing Nos. 6, 7, 8, & 9. Plaintiff also filed a "DocuPost Certificate of Mailing Submission" and United States Postal Service proof of delivery receipts indicating he attempted to serve the summons himself by mailing the summons to Defendant. Filing Nos. 10, 11, & 12. However, whatever purported summons Plaintiff attempted to serve on Defendant did not satisfy the requirement for proper summons under Federal Rule of Civil Procedure 4 as the Clerk of the Court did not sign and issue any summons forms to Plaintiff, and no summons bearing the Clerk's signature and the Court's seal have been issued to Plaintiff as of the date of this order. *See* Fed. R. Civ. P. 4(a)(1) ("A summons must: . . . (F) be signed by the clerk; and (G) bear the court's seal.").

To the extent Plaintiff's filing of the form summons may be construed as a motion for the Court to issue and serve Defendant with summons, Plaintiff's request is denied. "Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in in forma pauperis [non-prisoner and] prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b)." *See Welch v. Byrd*, No. 4:23CV3186, 2024 WL 3292696, at *1 (D. Neb. July 3, 2024) (quoting *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) (internal citation omitted)). As the Court has determined Plaintiff's Complaint fails to state a plausible claim for relief and is subject to

7

dismissal under 28 U.S.C. § 1915(e)(2), this matter may not proceed to service at this time.

## V. CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief over which the Court has subject matter jurisdiction and is, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's action, therefore, will be dismissed without prejudice and without further leave to amend, which would be futile. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (dismissal for lack of subject matter jurisdiction should be without prejudice); *Horras v. Am. Cap. Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (district court may deny leave to amend when amendment would be futile).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. This matter is dismissed without prejudice.

3. The Court will enter a separate judgment.

Dated this 25th day of April, 2025.

BY THE COURT:

*John M. Gerrard*
_____
John M. Gerrard
Senior United States District Judge