IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENNIS EBORKA, | |
| Plaintiff, | **8:25CV253** |
| vs. | |
| JACI GUSTAFSON, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on Plaintiff's "Motion Against Non Final Order," which the Court construes as a motion for reconsideration. Filing No. 15. Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making the motion, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[1]  *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id*.

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff's motion was timely filed on April 26, 2025.

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Liberally construed, Plaintiff asks the court to reconsider its Memorandum and Order and Judgment, Filing Nos. 13 & 14, entered on April 25, 2025, dismissing Plaintiff's Complaint, Filing No. 1, without prejudice because:

> The subject matter jurisdiction in this case is very clear and was satisfied by plaintiff. This was completely checked marked on the complaint form provided by the federal district court. The cause of action was clear under 42 U.S. Code § 1983 - Civil action for deprivation of rights and violation of the 14th amendment, violation of equal protection clause and due process. The 14th Amendment protects public education rights through its Equal Protection and Due Process Clauses Therefore prohibiting a student from benefiting a program and allowing some students to benefits same violate equal protection clause.

Filing No. 15 (as in original).

Plaintiff essentially asks the Court to reexamine the Complaint's allegations and reach a different conclusion. However, the Court considered the Complaint's allegations upon initial review and is unconvinced that reconsideration of those same allegations will lead the Court to a different

conclusion. Specifically, the Court liberally construed Plaintiff's Complaint as raising a procedural due process claim under the Fourteenth Amendment, despite the Complaint's complete lack of any reference to the Fourteenth Amendment, and determined that the Complaint failed to state a plausible claim for relief as Plaintiff's allegations "fail[ed] to establish he has a constitutionally protected property or liberty interest in the University's purely academic decision regarding whether to permit Plaintiff to change a past letter grade to a pass/no-pass grade." Filing No. 13 at 6–7. To the extent Plaintiff argues the Court should have construed his Complaint as raising an equal protection claim under the Fourteenth Amendment, the Court finds no factual allegations in the Complaint to support such a claim.[2]

Accordingly, upon consideration of Plaintiff's motion, the Court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the Court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact nor has he presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff has failed to establish sufficient grounds for setting aside the Court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration, Filing No. 15, is denied.

---

[2] After filing his motion for reconsideration, Plaintiff submitted copies of a 2022 letter and e-mails from the University of Nebraska Deputy General Counsel referencing Plaintiff's petition for late withdraw from a course based on Plaintiff's disagreement with the University Conduct Board's decision to expel Plaintiff after he was provided notice, an opportunity to present his version of events, and the right to appeal the decision. Filing No. 16. The Court can discern no relevance between these 2022 communications and Defendant Jaci Gustafson's alleged failure to submit Plaintiff's request "to the committee . . . to change [Plaintiff's] courses to pass or no pass grade" in October 2024. *See* Filing No. 1 at 3. In any case, nothing in these documents suggests to the Court that Plaintiff is entitled to relief from the judgment in this case.

Dated this 30th day of April, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge