IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DENNIS EBORKA,

          Plaintiff,

vs.

JACI GUSTAFSON,

          Defendant.

**8:25CV253**

**MEMORANDUM AND ORDER**

    This matter is before the Court on Plaintiff's three motions to alter or amend judgment pursuant to Rule 59(e) ("Rule 59(e) Motions"), Filing Nos. 24, 28, & 29;[1] what Plaintiff filed as a motion for a clerk's entry of default ("Motion for Default"), Filing No. 27; and a document he filed as a motion for permanent injunction, Filing No. 30. As explained below, the Court will deny each of Plaintiff's motions. The Court also will address Plaintiff's continued communications with this Court.

### I. MOTIONS TO ALTER OR AMEND JUDGMENT

    Plaintiff filed his Rule 59(e) Motions on May 4 and May 10, 2025, and simultaneously filed a copy of the United States Supreme Court's decision in *Conley v. Gibson*, 355 U.S. 41 (1957), with each Motion. Filing Nos. 24, 26, 28, 28-1, 29, & 29-1. The Rule 59(e) Motions are essentially identical to each other, as well as to Plaintiff's previous motion for reconsideration, Filing No. 15, which the Court denied on April 30, 2025, Filing No. 19. The only difference between Plaintiff's previous motion for reconsideration and the present Rule 59(e) Motions is the addition of the following sentences:

---

[1] Plaintiff erroneously docketed the third Rule 59(e) Motion as a "Supplement to USCA Record," Filing No. 29, but the Court will construe it as a motion along with the two other Rule 59(e) Motions.

> The exhibit filed into this case proof access to education was denied through suspension and expulsion, see doc #16.
> . . . .
> Note: The judge or the court is directed to read the case CONLEY v. GIBSON, 355 U.S. 41 (1957) because the court is wrong, the defendant should defend by itself and not the court defending for the defendant.[2]

*Compare* Filing Nos. 24, 28, & 29 *with* Filing No. 15.

The Court has reviewed the *Conley v. Gibson* case, *see* Filing Nos. 26, 28-1, & 29-1, as well as the exhibit contained in Filing No. 16, which the Court previously reviewed when it denied Plaintiff's previous motion for reconsideration, *see* Filing No. 19 at 3 n.2. Nothing in these materials persuades the Court that it was "wrong" in its previous determinations or that the Court's dismissal of the Complaint and/or denial of Plaintiff's previous motion for reconsideration were the result of manifest error of law or fact. *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.). Accordingly, for the reasons already stated in the Court's April 30, 2025, Memorandum and Order, Filing No. 19, Plaintiff's Rule 59(e) Motions are denied.

## II. MOTION FOR DEFAULT

On May 7, 2025, Plaintiff filed his Motion for Default requesting that the Clerk of the Court "enter the default of defendant[ ], Jaci Gustafson, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to plead or otherwise defend this action." Filing No. 27 at 1. However, Defendant Jaci Gustafson has not failed to plead or otherwise defend this action because, as the Court previously explained to Plaintiff, Defendant was never properly

---

[2] For the sake of completeness, the Court notes that Plaintiff's first Rule 59(e) Motion, Filing No. 24, does not contain this second sentence directing the Court to read *Conley v. Gibson*, but rather this sentence only appears in the second and third Rule 59(e) Motions, *see* Filing Nos. 28 & 29.

served with summons. *See* Filing No. 13 at 7–8. Moreover, the Court dismissed Plaintiff's Complaint on April 25, 2025, and this matter is now pending on appeal before the Eighth Circuit Court of Appeals. Thus, Plaintiff's Motion for Default is baseless and frivolous, and the Motion for Default is denied.

### III. MOTION FOR PERMANENT INJUNCTION

Finally, Plaintiff filed what he styled in the Court's electronic filing system as a "FINAL MOTION for Permanent Injunction," although the document he submitted was on Form Pro Se 2, which is the form for an initial complaint and request for injunction. Filing No. 30. That filing also, the Court notes, purports to add additional defendants and claims. *Compare* Filing No. 30 *with* Filing No. 1.

To the extent Plaintiff intended this filing to be a motion for injunctive relief, that motion is denied because this case is closed and jurisdiction lies with the Court of Appeals. As a general rule, a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously, and the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). To the extent that Plaintiff is moving to amend his complaint, that motion is denied for the same reason. And to the extent Plaintiff might have been attempting to initiate a new lawsuit by filing a new complaint form, he has not succeeded—he cannot evade the requirement of either paying a filing fee or moving for leave to proceed in forma pauperis by filing a new complaint in a closed case, nor may he pursue multiple federal suits against the same party involving the same controversy at the same time. *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001); *see also Parker v. Matthews*, 71 F. App'x 613, 614 (8th Cir. 2003).

## IV. PLAINTIFF'S COMMUNICATIONS WITH THIS COURT

At the same time Plaintiff filed his first Rule 59(e) Motion, he also filed a supplement containing copies of e-mails Plaintiff sent to the Clerk of the Court and the Clerk's response. Filing No. 23. The Clerk's office has received additional e-mails from Plaintiff since the filing of his supplement. The Court now specifically informs Plaintiff that, pursuant to local rule, the Court does not consider documents submitted via e-mail to the assigned judge or to the Clerk of the Court as filed with the Court. *See* NECivR 5.1(c). Accordingly, neither the Court nor the Clerk's office will take any action on Plaintiff's previous e-mail submissions or any future e-mail submissions and such e-mail submissions will not be made part of the record.

Moreover, this case is currently closed in this Court and the matter is pending on appeal before the Eighth Circuit. As this Court has now considered and rejected Plaintiff's Rule 59(e) Motions, there is nothing pending in this Court, and Plaintiff should refrain from filing any further documents or motions in *this* Court, except for a notice of appeal. Rather, Plaintiff should address any communications to the Eighth Circuit Court of Appeals where his appeal is now pending.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Rule 59(e) Motions, Filing No. 24; Filing No. 28; Filing No. 29, are denied.

2. Plaintiff's Motion for Default, Filing No. 27, is denied.

3. Plaintiff's Motion for Permanent Injunction, Filing No. 30, is denied.

4. The Court will not take any action on any e-mails submitted by Plaintiff and no e-mails or other documents submitted via e-mail will be made part of the Court's record.

Dated this 15th day of May, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge

5